## THE HOLLADAY CASE.

### HICKOX v. ELLIOTT and others.

*(Circuit Court, D. Oregon. July 23, 1886.)*

APPEAL—BOND—UNITED STATES SUPREME COURT RULE 29—DECREE FOR MONEY, WHEN NOT OTHERWISE SECURED, WITHIN THE MEANING OF THE TWENTY-NINTH RULE.

The plaintiff's debtor, being the equitable owner of certain real property, procured the same to be conveyed to his brother, with the intent to thereby hinder and delay his creditors, and the grantee accepted the conveyance with knowledge of such intent. Afterwards the plaintiff, having obtained a judgment against his debtor, filed a bill in this court to subject this property, as an equitable asset in the hands of said grantee, to the satisfaction of his judgment, alleging the insolvency of the debtor, and obtained a decree thereon that the grantee pay the amount of the judgment within a certain time, and that, in default of such payment, the property in question be sold to satisfy the same. Thereupon said grantee applied to have settled the amount of the *supersedeas* bond to be given by him on appeal from said decree, claiming that the decree was "otherwise secured," within the meaning of rule 29 of the supreme court, and therefore the bond ought to be taken in an amount not more than sufficient to secure the payment of the costs. *Held*, that the money ascertained to be due the plaintiff by this decree is not "otherwise secured," within the meaning of said rule, and the amount of the bond is settled at $75,000,—the amount of the decree, with three years' interest thereon, and 10 per centum damages for delay, with the costs of the appeal, being about $55,000.

Application to Settle the Amount of a *Supersedeas* Bond on Appeal.

James K. Kelly and C. E. S. Wood, for plaintiff.

Thomas N. Strong and Charles R. Darling, for defendant Joseph Holladay.

DEADY, J.  This is an application by the defendant Joseph Holladay to have me fix the amount of the *supersedeas* bond to be given by him on his appeal from the final decree herein of this court. Notice of application was given to counsel for the plaintiff, and the matter has been argued before me.

To premise: In the opinion delivered in the case on the fourteenth ult.[1] the court, following the lead and argument of counsel, assumed that the decree of August 15, 1879, in *Holladay* v. *Elliott*, was a lien on the real property that the former procured to be conveyed to his brother, Joseph, with intent to hinder and delay his creditors, and which it was the object of this suit to reach and subject to the payment of the plaintiff's claim. But on the argument of the motion of the defendant Holladay for a rehearing, attention was called to the fact that the legal title to the property never was in Ben Holladay; that when he acquired it, for reasons of convenience or otherwise, he had it conveyed to third persons, on a trust or understanding that they would hold and convey the same as he might direct. Afterwards Ben Holladay, with intent to hinder and delay his cred-

[1] 27 Fed. Rep. 830.

itors, procured the persons thus holding the legal title to the property to convey it with like intent to Joseph Holladay. The interest of Ben Holladay in the property was therefore only an equity, and was not affected by the lien of the decree against him. *Smith* v. *Ingles,* 2 Or. 44. Nor would the lien of this decree have reached this property if the legal title thereto had been in Ben Holladay at the time of the conveyance to his brother. The conveyances antedated the decree, and there would have been nothing left of the property in Ben Holladay for it to become a lien on. The lien of a judgment or decree only affects property owned by the debtor at the time of docketing the same. A conveyance in fraud of creditors, although void as to them, is valid between the parties, and passes all the estate of the grantor in the premises to the grantee. Practically it is only voidable at the instance of creditors. *In re Estes,* 6 Sawy. 459; S. C. 3 Fed. Rep. 134. Accordingly, the decree in the case was framed to meet this view of the matter, which was fully presented by the bill. From the time of purchasing the same Ben Holladay has had the equitable estate in this property, and one object of this suit is to subject this interest, as an equitable asset, to the payment of the decree obtained against him by Elliott. In such a case the creditor does not acquire a lien by the judgment against his debtor, and he may maintain a bill to subject such asset to the payment of his debt without it.

Section 1000 of the Revised Statutes provides:

"Every justice or judge, signing a citation on any writ of error, shall * * * take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ of error or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a *supersedeas* and stays execution, or all costs only, where it is not a *supersedeas,* as aforesaid."

As an exposition of this section, and a guide to judges taking security under it, the supreme court, in 1867, adopted rule 29, which provides that "such indemnity, when the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay, and costs and interest on appeal; but in all suits where the property in controversy necessarily follows the event of the suit, as in real actions, replevin, and suits on mortgages, * * * indemnity in all such cases is only required in an amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of the suit, and just damages for delay, and costs and interest on the appeal."

Assuming that the decree of August 15, 1879, is a lien on this property, the defendant contends that the decree in this case is thereby "otherwise secured," within the necessary meaning of this rule, and therefore a *supersedeas* bond ought not to be required in a greater amount than may be necessary to secure "the costs of the suit, and

just damages for delay, and interest on the appeal." But this argument, as we have seen, is founded on a misapprehension of the effect and operation of the decree against Ben Holladay.

Counsel also contends that the decree in this case is a lien or charge on this property, and therefore the amount of it is "otherwise secured," and likens it to the case of a decree to enforce the lien of a mortgage mentioned in the rule. But a mortgage is a lien or security for the debt, independent of and anterior to the decree enforcing it, and therefore it may be truly said that the money for which the decree is given is secured otherwise than by the decree itself. In other words, the security is something collateral to or outside of the decree appealed from. But admitting that the money due the plaintiff, as determined by this decree, is now a charge or lien on this property, it is only so by virtue of the same. Money so secured cannot be said to be "otherwise secured" than by such decree. If this decree was for the payment of money generally, it would become a lien or charge on the real property of Joseph Holladay from the date of its being docketed; but no one would contend that such lien or charge is such a security as would authorize the taking of a *supersedeas* bond, on an appeal from the decree, in a sum merely sufficient to cover costs, damages for delay, and interest on appeal.

Now, this is a decree against Joseph Holladay for the recovery of money, to be enforced, it is true, not against his property generally, but only so far as he has wrongfully possessed himself of the property of the original debtor. But, like any other money judgment, it can be satisfied by the payment of money. Counsel for the defendant also contends that by operation of the rule of *lis pendens* the money due the plaintiff on this decree is otherwise secured. Pom. Eq. Jur. § 635, says that "the doctrine of notice by *lis pendens* extends to all equitable suits which involve the title to a specific tract of land, or which are brought to establish any equitable estate, interest, or right in an identified parcel of land, or to enforce any lien, charge, or incumbrance on land." This suit is not brought to enforce any lien, charge, or incumbrance on this property, for none exists, so far as this plaintiff is concerned. Neither does it involve the title to it. The plaintiff never claimed any title to or interest in the land. His only claim is that his debtor has procured this property, of which he was the real owner, to be conveyed to the defendant to prevent the collection of his debt, and the object of his suit is to establish that fact, and obtain relief against the wrong by a sale of the property, as on execution, notwithstanding such conveyance. This suit is brought to establish a right in equity to an execution against the property in question to satisfy a judgment which, owing to the wrongful acts of the debtor therein, cannot now be reached by an execution at law.

In *Jerome* v. *McCarter*, 21 Wall. 17, the supreme court held, in the language of the syllabus, that "the amount of a *supersedeas* bond, as

well as the sufficiency of the security, are matters to be determined by the judge below, under the provisions of the twenty-ninth rule." This ruling was affirmed at the last term, in *Mexican N. C. Co.* v. *Reusens*, 6 Sup. Ct. Rep. 945. And this case sheds light on the question when a money judgment is "otherwise secured," within the meaning of the rule 29. The case is very briefly reported, but it appears there was an attachment levied on the property of the defendant, which was discharged on giving bond. Judgment was given against the defendant, and the case was taken to the supreme court on a writ of error. On signing the citation the judge took a *supersedeas* bond in less than the amount of the judgment. There was a motion in the supreme court for additional security, which was denied, on the ground that the matter was in the discretion of the judge who took the bond. Chief Justice WAITE, in announcing the decision of the court, referring to the bond for the discharge of the attachment, said:

"It stands, therefore, as security for the payment of the judgment, and the judge, when he took the *supersedeas* bond, acted with reference to a judgment which was 'otherwise secured,' within the meaning of rule 29, and could be governed accordingly."

My decided impression is that the money due the plaintiff, as ascertained by this decree, is not "otherwise secured," within the meaning of the twenty-ninth rule, and that the bond for a *supersedeas* ought not to be taken in an amount less than sufficient to secure the face of the decree and costs, interest thereon for three years, 10 per centum damages for delay, and costs of the appeal. These items will amount, in round numbers, to about $55,000. To meet contingencies, it is usual to take the security in a greater amount than the sum secured. In this case I think the sum of $75,000 will be sufficient. Not less than two sureties will be required to the bond. The names proposed may be first submitted to counsel for the plaintiff, and if they are satisfactory to him they will be accepted by me, of course; otherwise they must be examined before me on oath as to their sufficiency.